(April 26, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE S. CRANDALL, Appellant. [832 NYS2d 828]—

Crew III, J.P. Appeal from a judgment of the County Court of Hamilton County (Feldstein, J.), rendered January 4, 2006, convicting defendant upon his plea of guilty of the crime of reckless driving.

On May 19, 2004, defendant was found asleep in his car with the keys in the ignition. After awakening defendant, a Deputy Sheriff observed that his eyes were watery and bloodshot and that he slurred his speech when talking. Defendant thereafter was indicted on two misdemeanor counts of driving while intoxicated. Defendant ultimately entered a negotiated plea of guilty to reckless driving. Defendant now appeals contending that his guilty plea was improper because reckless driving is not a lesser included offense of driving while intoxicated.

Where an indictment charges two or more offenses in separate counts, a defendant may plead guilty to a lesser included offense of any of the charged offenses, with the permission of both the court and the People (*see* CPL 220.10 [4] [b]). While defendant is correct in his assertion that the plea entered here does not constitute a lesser included offense as defined by CPL 1.20 (37), such error is not jurisdictional in nature (*see People v Keizer*, 100 NY2d 114, 118 [2003]; *People v Ford*, 62 NY2d 275, 282-283 [1984]). Indeed, conviction of a different offense by plea will only be set aside on jurisdictional grounds if, insofar as is relevant to the instant appeal, "the offense of conviction is not transactionally related to the offense specified in the accusatory instrument" (Preiser, 2003 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 220.20, 2007 Cum Pocket Part, at 80). Such clearly is not the case here. Moreover, Vehicle and Traffic Law § 1192 (10) (a) specifically provides for a plea other than to Vehicle and Traffic Law § 1192 (2), (3), (4)

or (4-a) where, as here, the prosecutor has determined that the charges laid are not warranted and the basis for the proposed disposition has been set forth on the record.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.