[989 NE2d 962, 967 NYS2d 680]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JACOB MILTON, Respondent.

Argued March 20, 2013; decided May 7, 2013

## POINTS OF COUNSEL

*Richard A. Brown, District Attorney*, Kew Gardens (*Laura T. Ross, John M. Castellano* and *Jessica L. Zellner* of counsel), for appellant. The Appellate Division improperly reversed defendant's conviction for grand larceny in the first degree and improperly dismissed the superior court information. (*People v Pierce*, 14 NY3d 564; *People v Menchetti*, 76 NY2d 473; *People v Boston*, 75 NY2d 585; *People v Ahmed*, 66 NY2d 307; *People v Patterson*, 39 NY2d 288; *People v Zanghi*, 79 NY2d 815; *People v Ashe*, 15 NY3d 909; *People v Trueluck*, 88 NY2d 546; *People v Garson*, 6 NY3d 604; *People v Santi*, 3 NY3d 234.)

*Jonathan T. Latimer, III*, South Hempstead, for respondent. The Appellate Division properly reversed defendant's conviction because the superior court information to which defendant pleaded guilty was jurisdictionally defective. (*People v Zanghi*, 79 NY2d 815; *People v Ashe*, 15 NY3d 909.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

At issue in this appeal is whether a superior court information (SCI) is jurisdictionally defective where it names victims not identified in the felony complaint. We conclude that the SCI in the present case was not defective.

Defendant Jacob Milton was charged with grand larceny in the first degree and two counts of a scheme to defraud in the first degree, among numerous other crimes. The felony complaint alleged that between April 1, 2006 and October 16, 2007, defendant met with four mortgage loan applicants (named in the complaint) and acquired their personal identifying information. Defendant then used the information from one applicant, Hector Sandoval, to obtain mortgages on a property in Queens and a property in Kings County, without Sandoval's permission or knowledge. Public records showed that the Queens home sold for $625,000 and the Kings property sold for $685,000. The felony complaint did not list the names of the banks from which defendant procured the loans to purchase the properties.

Defendant waived his right to be prosecuted by indictment and pleaded guilty under an SCI to one count of grand larceny in the first degree (stealing property whose value exceeds $1 million) and one count of scheme to defraud in the first degree. At the plea hearing, defendant originally refused to plead guilty to the crimes charged in the SCI with respect to the named mortgage applicants. The SCI was changed to enumerate Indy Mac Bank and WMC Bank as the victims, and defendant then pleaded guilty. After the court denied defendant's motions to withdraw his plea, the court sentenced defendant to 2 to 6 years incarceration on the grand larceny conviction and, with the consent of the People, vacated his plea to the scheme to defraud charge.

Before the Appellate Division, defendant raised numerous claims, including the argument that the SCI was jurisdictionally defective because the victims' names differed from those listed in the felony complaint. The Appellate Division determined that the SCI was jurisdictionally defective because it "did not include at least one offense that was contained in the felony complaint," vacated defendant's plea, and did not reach defendant's other claims (92 AD3d 899, 900 [2d Dept 2012] [internal quotation marks and citation omitted]). The Appellate Division's holding rested entirely on its view that the designation of the victims in the SCI "differed from those named in the felony complaint" (id.). A Judge of this Court granted the People leave to appeal (19 NY3d 865 [2012]), and we now reverse.

Defendants may waive indictment by a grand jury and consent to be prosecuted by an SCI (see NY Const, art I, § 6; CPL 195.10, 195.20). Waivers of indictment allow a defendant to "obtain a

speedier disposition of the charges against him and the State is spared the time and expense of unnecessary Grand Jury proceedings" (*People v Menchetti*, 76 NY2d 473, 476 [1990]). In describing the offenses to be charged in an SCI, CPL 195.20 provides that "[t]he offenses named may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40." Therefore, an SCI may include any offense for which the defendant was charged in a felony complaint (*Menchetti*, 76 NY2d at 477). A charge in the SCI that is the same offense, a lesser included offense, or a joinable offense "may be substituted for the original charge in a waiver of indictment and SCI" (*People v Pierce*, 14 NY3d 564, 568 [2010]). However, an SCI may not charge "*greater* offenses, which have additional aggravating elements," than those charged in the felony complaint (*People v Zanghi*, 79 NY2d 815, 817 [1991]). We observed in *Pierce* that "the improper inclusion of an offense in a waiver of indictment and SCI is a jurisdictional defect that, when raised on direct appeal, requires reversal of the conviction and dismissal of the SCI" (14 NY3d at 574).

Here, the offense to which defendant pleaded guilty is the same offense for which he was charged in the felony complaint, and adding the names of the victims in the SCI did not render the offense a different one. Though the felony complaint did not name the banks that provided the loans, the complaint identified the specific properties in Queens and Brooklyn on which defendant took out mortgages in Hector Sandoval's name. The felony complaint listed the sales prices of the properties and their exact addresses, adequately specifying the facts of the crime. The felony complaint charged defendant with grand larceny for stealing over $1 million to purchase those specified properties. In the amended SCI, the larceny was described with further specificity by naming the banks that provided the loans on the two properties. There was nothing inappropriate about adding the names of the victims as it did not change the offense alleged. The felony complaint named the victims of the alleged identity thefts, but not the victims of the first degree grand larceny. The felony complaint does not suggest that the people it names were victims of the latter crime; no one reading the felony complaint would infer that property worth more than $1 million was stolen from the identity theft victims. The alleged victims of first degree grand larceny were clearly the unnamed banks who provided mortgage loans totaling more than $1

million. Thus, there was no factual discrepancy between the felony complaint and the second SCI; the crimes were simply portrayed from a different perspective. Indeed, the SCI referenced the docket number of the felony complaint, so there was no confusion as to whether the crimes charged were the same. The SCI did differ from the complaint in that the time frame for the crime was narrowed, but the added specificity did not render the charge in the SCI a different crime. It, in fact, benefitted the defendant by narrowing the window of liability.

Defendant now asserts that the felony complaint and the SCI allege different crimes—since the banks named in the SCI were not the ones who advanced the sums referred to in the felony complaint—but the record does not demonstrate this, and the burden of making a record sufficient to permit appellate review is on the party seeking it (*see People v McLean*, 15 NY3d 117, 121 [2010]).* This case involves precisely the same crime of grand larceny, described in both the felony complaint and the SCI. Though the ultimate victims of larceny were unnamed in the complaint, it was evident from the factual recitation that the banks providing loans on the two properties were the larceny victims. The SCI therefore served as a proper jurisdictional predicate for defendant's guilty plea (*see People v Zanghi*, 79 NY2d at 817) and was not defective.

Accordingly, the Appellate Division order should be reversed, the superior court information reinstated, and the case remitted to the Appellate Division for consideration of the facts and issues raised but not determined on the appeal to that court.

Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur.

Order reversed, superior court information reinstated, and case remitted to the Appellate Division, Second Department, for

---

* To the extent defendant specifically claims Indy Mac Bank and WMC Bank were not the banks that provided the loans on the two properties, defendant essentially raises a factual issue that is unpreserved and beyond our review (*see People v Patterson*, 39 NY2d 288, 295 [1976], *affd Patterson v New York*, 432 US 197 [1977] ["A defendant cannot be permitted to sit idly by while error is committed, thereby allowing the error to pass into the record uncured"]). A purported error or insufficiency in the facts of an indictment or information to which a plea is taken does not constitute a nonwaivable jurisdictional defect and must be raised in the trial court (*see People v Iannone*, 45 NY2d 589, 600 [1978]). Relatedly, the People are not required to substantiate and prove every fact listed in an SCI, as that would turn every criminal plea into a mini-trial.

consideration of the facts and issues raised but not determined on the appeal to that court.