■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEPAUL GAMMONS, Appellant. [964 NYS2d 771]—

Rose, J.P. Appeal from a judgment of the County Court of Greene County (Pulver Jr., J.), rendered November 15, 2011, convicting defendant upon his plea of guilty of the crime of criminal mischief in the second degree.

Defendant was charged in a felony complaint with grand larceny in the third degree. Pursuant to a negotiated plea agreement, defendant waived indictment and pleaded guilty to a superior court information charging him with criminal mischief in the second degree. He was thereafter sentenced as a second felony offender to a prison term of 2 to 4 years. Defendant now appeals, arguing that the superior court information was jurisdictionally defective.

The Criminal Procedure Law permits a defendant to waive indictment and be prosecuted by a superior court information that charges "any offense for which the defendant was held for action of a grand jury and any offenses properly joinable therewith" (CPL 195.20). An offense for which the defendant was held includes lesser included offenses of those named in the felony complaint (*see People v Menchetti*, 76 NY2d 473, 477-478 [1990]; *People v Black*, 253 AD2d 984, 984 [1998], *lv denied* 92 NY2d 980 [1998]; *see also People v Zanghi*, 79 NY2d 815, 817 [1991]). As the People have conceded, criminal mischief in the second degree is not a lesser included offense of grand larceny in the third degree (*see* CPL 1.20 [37]; Penal Law §§ 145.10, 155.35). Therefore, the superior court information was jurisdictionally defective and defendant's plea must be vacated and the matter remitted to County Court for further proceedings on the felony complaint (*see People v Morson*, 67 AD3d 1026, 1027 [2009]; *People v Colon*, 39 AD3d 661, 662 [2007]).

Lahtinen, Spain and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Greene County for further proceedings not inconsistent with this Court's decision.