■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN C. BETTERS, Appellant. [978 NYS2d 454]—

Lahtinen, J.P.

We affirm. Where an indictment charges more than one offense, a defendant may plead guilty to a lesser included offense of any of the charged offenses, with the permission of the court and the People (*see* CPL 220.10 [4] [b]; *People v Crandall*, 39 AD3d 1077, 1077 [2007], *lv denied* 9 NY3d 874 [2007]). Criminal possession of a controlled substance in the fourth degree includes the element of weight not included in the crime of criminal possession of a controlled substance in the third degree and, therefore, is not a lesser included offense within the definition of CPL 1.20 (37) (*see People v Alverson*, 79 AD3d 1787, 1787 [2010]). However, CPL 220.20 (1) (i) defines lesser included offenses for *plea* purposes and provides that, "[w]here the crime charged is criminal possession of a controlled substance, any offense of criminal possession of a controlled substance, in any degree, is deemed to constitute a lesser included offense." Notably, during the plea proceedings, defendant freely admitted to possessing oxycodone and clearly entered his plea of guilty to the charge of criminal possession of a controlled substance in the fourth degree in reduction of the second count of the indictment, which charged him with criminal possession of a controlled substance in the third degree. Accordingly, we find no jurisdictional deficiencies in this plea.

Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.