■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER NEMNOM, Appellant. [997 NYS2d 736]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Lorenzo, J.), rendered May 21, 2012, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, superior court information No. 11-00385 is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The defendant was charged, by felony complaint, with criminal possession of a controlled substance in the third degree under Penal Law § 220.16 (12), a class B felony. He waived indictment by a grand jury and pleaded guilty under a superior court information to attempted criminal possession of a controlled substance in the third degree under Penal Law §§ 110.00 and 220.16 (1), a class C felony. As the defendant contends and the People correctly concede, the judgment of conviction must be reversed, the plea vacated, and the superior court information dismissed.

The single count in the superior court information was not an "offense for which the defendant [had been] held for action of a grand jury" (CPL 195.20), in that it was not an offense charged in the felony complaint or a lesser-included offense of an offense charged in the felony complaint (*see People v Menchetti*, 76 NY2d 473, 477 [1990]). Attempted criminal possession of a controlled substance in the third degree under Penal Law §§ 110.00 and 220.16 (1) is not a lesser included offense of criminal possession of a controlled substance in the third degree under Penal Law § 220.16 (12), because the former crime contains the element "with intent to sell" that is not an element of the latter crime (Penal Law § 220.16 [1]; *see* CPL 1.20 [37]; *People v Edwards*, 39 AD3d 875, 876 [2007]; *People v Laboy*, 208 AD2d 954, 955 [1994]). Thus, it is clear that the superior court information upon which the defendant's plea was based did not "include at least one offense that was contained in the felony complaint" or a lesser-included offense of an offense charged in the felony complaint (*People v Zanghi*, 79 NY2d 815, 818 [1991]), and the superior court information was jurisdictionally defective (*see People v Pierce*, 14 NY3d 564, 574 [2010]; *People v Menchetti*, 76 NY2d at 477; *People v Morson*, 67 AD3d 1026 [2009]; *People v Edwards*, 39 AD3d 875 [2007]; *People v Colon*, 39 AD3d 661 [2007]). This defect survives the defendant's failure to raise this claim in the Supreme Court, his plea of guilty, and his waiver of the right to appeal (*see People v Zanghi*, 79 NY2d at 817; *People v Menchetti*, 76 NY2d at 475 n; *People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Edwards*, 39 AD3d at 876). Accordingly, we reverse the judgment of conviction, vacate the defendant's plea of guilty, dismiss the superior court information, and remit the matter to the Supreme Court, Westchester County. If warranted, further proceedings may be had on the felony complaint in the local criminal court. Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.