(June 25, 2015)

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL O'NEILL, Appellant. [12 NYS3d 349]—

Rose, J. Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered January 31, 2012, convicting defendant upon his plea of guilty of the crimes of use of a child in a sexual performance and course of sexual conduct against a child in the first degree.

Defendant waived indictment and pleaded guilty to a superior court information (hereinafter SCI) charging him with use of a child in a sexual performance and course of sexual conduct against a child in the first degree. In accordance with the plea agreement, he was sentenced to an aggregate prison term of 15 years, to be followed by 20 years of postrelease supervision. His conviction was thereafter affirmed by this Court on appeal (116 AD3d 1240 [2014]). Subsequently, defendant made a motion to this Court for a writ of error coram nobis alleging that appellate counsel was ineffective for his failure to raise the issue that the SCI was jurisdictionally defective. This Court granted the motion and reinstated the appeal, but limited it to the issue of the jurisdictional validity of the SCI.

The People concede and we must agree, based upon the governing law, that the SCI was jurisdictionally defective in this case. The crimes charged in the SCI, to which defendant pleaded guilty, were required to be the same or lesser included offenses of those listed in the felony complaint (*see People v Pierce*, 14 NY3d 564, 571 [2010]; *People v Tun Aung*, 117 AD3d 1492, 1493 [2014]; *People v Gammons*, 106 AD3d 1287, 1288 [2013]; *see also* CPL 195.10 [1] [a]; 195.20). However, the only crimes listed in the felony complaint were the class E felony of possessing a sexual performance by a child and two class A misdemeanors. The SCI, on the other hand, charged defendant with the class C felony of use of a child in a sexual performance and the class B felony of course of sexual conduct against a child in the first degree. Clearly, the latter crimes were not lesser included offenses of the former. Accordingly, due to this jurisdictional defect, we are constrained to conclude that the guilty plea must be vacated and the matter remitted to County Court for further proceedings. Defendant's remaining contentions are foreclosed by the order granting coram nobis relief and, in any event, are academic in view of our disposition.

Garry, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.