*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016                    107043
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

GREGORY SEALS,
                        Appellant.
_____


Calendar Date:   November 24, 2015

Before:  Garry, J.P., Rose, Lynch, Devine and Clark, JJ.

                        _____


        Brian M. Quinn, Albany, for appellant.

        M. Elizabeth Coreno, Special Prosecutor, Saratoga Springs,
for respondent.

                        _____


Garry, J.P.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered June 20, 2014, convicting
defendant upon his plea of guilty of the crime of attempted
criminal possession of a controlled substance in the fifth
degree.

        Police stopped a vehicle that defendant was driving in the
Town of Halfmoon, Saratoga County and discovered 42 grams of a
substance that field tested positive for the presence of cocaine.
Defendant was charged in two felony complaints with criminal
possession of a controlled substance in the third degree and
criminal possession of a controlled substance in the fifth
degree.  Thereafter, pursuant to a negotiated plea agreement,
defendant waived indictment, pleaded guilty to a superior court

information (hereinafter SCI) that charged him with attempted criminal possession of a controlled substance in the fifth degree, and waived his right to appeal.  He was sentenced as a second felony offender to a prison term of 1½ years, to be followed by one year of postrelease supervision.  Defendant appeals.

Defendant contends that the waiver of indictment and SCI were jurisdictionally defective in that they did not charge an "offense for which the defendant was held for action of a grand jury" (CPL 195.20).  Pursuant to CPL 195.20, a defendant may waive indictment and plead guilty to an SCI that names a different offense from that charged in the felony complaint only when the crime named in the SCI is a lesser included offense of the original charge (see People v Milton, 21 NY3d 133, 136 [2013]; People v Menchetti, 76 NY2d 473, 477 [1990]; People v Gammons, 106 AD3d 1287, 1288 [2013]).[1]  We agree with defendant that this requirement was not satisfied.

"A crime is a lesser included offense of a charge of a higher degree only when in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the very same conduct, committing the lesser offense" (People v Baker, 123 AD3d 1378, 1380 [2014] [citations omitted]; see People v Wheeler, 67 NY2d 960, 962 [1986]).  To be guilty of the offense charged in the SCI, a defendant must attempt to "knowingly and unlawfully possess cocaine" that weighs "[500] milligrams or more" (Penal Law §§ 110.00, 220.06 [5]).  The first felony complaint charged defendant with criminal possession of a controlled substance in the third degree, which requires proof of knowing, unlawful possession of substances containing narcotic drugs that have "an aggregate weight of one-half ounce or more" (Penal Law § 220.16

_____

[1]  The provision in CPL 195.20 that permits a waiver of indictment and an SCI to include an offense that is "properly joinable" with a crime for which the defendant was held for the action of a grand jury is applicable only when the SCI "also include[s] at least one offense that was contained in the felony complaint" (People v Zanghi, 79 NY2d 815, 818 [1991]).

[12]).  Considered in the abstract, it is possible to possess or attempt to possess one-half ounce of a mixture of cocaine and some other substance in which the proportion of cocaine is less than 500 milligrams.  Thus, it is possible to commit criminal possession of a controlled substance in the third degree without also committing attempted criminal possession of a controlled substance in the fifth degree, and the offense charged in the SCI is not a lesser included offense of the crime charged in the first felony complaint.

The second felony complaint charged defendant with criminal possession of a controlled substance in the fifth degree, which is committed when a person "knowingly and unlawfully possesses a controlled substance with intent to sell it" (Penal Law § 220.06 [1]).  It is possible to possess cocaine with the intent to sell it while not concurrently possessing cocaine weighing more than 500 milligrams, or attempting to do so, as required to commit the crime charged in the SCI (see Penal Law §§ 110.00, 220.06 [5]).  Thus, the crime charged in the SCI is not a lesser included offense of the crime charged in the second felony complaint (see People v Nemnom, 123 AD3d 740, 741 [2014]; People v Lee, 196 AD2d 509, 510 [1993], lv denied 82 NY2d 851 [1993]; see also People v Betters, 113 AD3d 934, 935 [2014]).

As the People concede, the determination that the crime charged in the SCI is not a lesser included offense of those named in the felony complaints renders the SCI jurisdictionally defective, a failure that survives defendant's guilty plea and waiver of his right to appeal (see People v Menchetti, 76 NY2d at 475 n; People v Simmons, 27 AD3d 786, 786-787 [2006], lv denied 7 NY3d 763 [2006]).  Thus, defendant's plea must be vacated and the SCI dismissed.  "If warranted, further proceedings may be had on the felony complaint in the local criminal court" (People v Nemnom, 123 AD3d at 741).

In light of this determination, defendant's remaining contentions are academic.

Rose, Lynch, Devine and Clark, JJ., concur.


ORDERED that the judgment is reversed, on the law, and superior court information dismissed.




ENTER:

*Robert D. Mayberger*

Robert D. Mayberger
Clerk of the Court