■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW CHACKO, Appellant. [25 NYS3d 897]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Everett, J.), rendered September 4, 2014, convicting him of attempted criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, the superior court information is dismissed, and the matter is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was charged, by felony complaint, with criminal possession of a controlled substance in the fourth degree under Penal Law § 220.09 (3), a class C felony. He waived indictment by a grand jury and pleaded guilty under a superior court information (hereinafter SCI) to attempted criminal possession of a controlled substance in the fourth degree under Penal Law §§ 110.00 and 220.09 (1), a class D felony. Thereafter, the defendant was sentenced. However, as the defendant contends, and as the People correctly concede, the judgment of conviction must be reversed, the plea must be vacated, and the SCI must be dismissed.

The single count in the SCI was not an "offense for which the defendant [had been] held for action of a grand jury" (CPL 195.20), in that it was not an offense charged in the felony complaint or a lesser-included offense of an offense charged in the felony complaint (*see People v Menchetti*, 76 NY2d 473, 477 [1990]; *People v Nemnom*, 123 AD3d 740, 741 [2014]). Attempted criminal possession of a controlled substance in the fourth degree under Penal Law §§ 110.00 and 220.09 (1) is not a lesser-included offense of criminal possession of a controlled substance in the fourth degree under Penal Law § 220.09 (3), because the former offense contains the element "narcotic drug" (Penal Law § 220.00 [7]) that is not an element of the latter offense and, therefore, it is possible to commit the greater offense "without concomitantly committing, by the same conduct," the lesser offense (CPL 1.20 [37]; *see People v Nemnom*, 123 AD3d at 741; *People v Edwards*, 39 AD3d 875 [2007]). Thus, the SCI upon which the defendant's plea was based did not "include at least one offense that was contained in the felony complaint" or a lesser-included offense of an offense charged in the felony complaint (*People v Zanghi*, 79 NY2d 815, 818 [1991]), and the SCI was jurisdictionally defective (*see People v Pierce*, 14 NY3d 564, 574 [2010]; *People v Menchetti*, 76 NY2d at 477; *People v Nemnom*, 123 AD3d at 741). This defect survives the defendant's failure to raise this claim in the

County Court, his plea of guilty, and his waiver of the right to appeal (*see People v Zanghi*, 79 NY2d at 817; *People v Menchetti*, 76 NY2d at 475 n; *People v Nemnom*, 123 AD3d at 741).

Accordingly, the judgment must be reversed, the plea vacated, and the SCI dismissed. The defendant has already served his sentence and, under the circumstances of this case, we decline to direct further proceedings on the felony complaint (*see People v Flynn*, 79 NY2d 879, 882 [1992]; *People v Siminions*, 112 AD3d 974, 975 [2013]; *cf. People v Allen*, 39 NY2d 916, 917 [1976]). However, we remit the matter to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.