People v Hulstrunk (2018 NY Slip Op 05234)





People v Hulstrunk


2018 NY Slip Op 05234


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
MARK C. HULSTRUNK, Appellant.

Calendar Date: June 11, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Brian M. Quinn, Albany, for appellant.
Karen Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered May 17, 2017, convicting defendant upon his plea of guilty of the crime of reckless endangerment in the first degree.
Defendant initially was charged in two felony complaints with menacing a police officer and criminal possession of a weapon in the second degree. Thereafter, defendant waived indictment and pleaded guilty to a superior court information (hereinafter SCI) charging him with menacing a police officer, and he was sentenced to time served and five years of probation. Upon appeal, this Court determined that the sentence imposed was illegal, vacated the sentence and remitted the matter for further proceedings (147 AD3d 1159, 1160 [2017]). Further plea negotiations ensued and, in April 2017, defendant agreed to waive indictment and plead guilty to a SCI charging him with reckless endangerment in the first degree in exchange for a sentence of time served and four years of probation. The plea agreement also included a waiver of the right to appeal. County Court thereafter sentenced defendant in accordance with the terms of the plea agreement, and defendant now appeals — contending that the waiver of indictment and the SCI were jurisdictionally defective.[FN1]
The People concede — and our review of the record confirms — that the waiver of indictment and SCI were jurisdictionally defective because the crime charged in the SCI was not "an[] offense for which . . . defendant was held for action of a grand jury" (CPL 195.20), nor was it a lesser included offense of the crimes charged in the felony complaints. On this latter point, "a defendant may waive indictment and plead guilty to an SCI that names a different offense [*2]from that charged in the felony complaint only when the crime named in the SCI is a lesser included offense of the original charge" (People v Seals, 135 AD3d 985, 986 [2016]). "A crime is a lesser included offense of a charge of a higher degree only when in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the very same conduct, committing the lesser offense" (People v Lancaster, 143 AD3d 1046, 1053 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 1147 [2017]; accord People v Seals, 135 AD3d at 986).
Reckless endangerment in the first degree is not a lesser included offense of either menacing a police officer or criminal possession of a weapon in the second degree because it would be entirely possible to possess or display the weapons required to commit either of the greater crimes, i.e., menacing a police officer (see Penal Law § 120.18) or criminal possession of a weapon in the second degree (see Penal Law § 265.03), without concomitantly "recklessly engag[ing] in conduct [that] creates a grave risk of death to another person" — a required element of reckless endangerment in the first degree (Penal Law § 120.25). Simply put, the SCI at issue here did not contain either an offense charged in the underlying felony complaints or a lesser included offense of the original charges and, therefore, "the [SCI] upon which . . . defendant's plea was based . . . was jurisdictionally defective" (People v Nemnom, 123 AD3d 740, 741 [2014] [internal quotation marks and citations omitted]; see People v Seals, 135 AD3d at 987). Accordingly, "defendant's plea must be vacated and the SCI dismissed. If warranted, further proceedings may be had on the felony complaint[s] in the [appropriate] court" (People v Seals, 135 AD3d at 987 [internal quotation marks and citation omitted]).
Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.



Footnotes

Footnote 1: Defendant's jurisdictional challenge is not precluded by either his guilty plea or his waiver of the right to appeal and, further, is not subject to the preservation requirement (see People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Guidry, 158 AD3d 901, 901 [2018] People v Dubois, 150 AD3d 1562, 1564 n [2017]).