People v Diego (2019 NY Slip Op 04054)





People v Diego


2019 NY Slip Op 04054


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

109323

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROGER DIEGO, Appellant.

Calendar Date: May 1, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Martin J. McGuinness, Saratoga Springs, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered January 5, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
On September 5, 2016, during the execution of a search warrant in an apartment where defendant resided, drugs and a loaded handgun were reportedly found. Defendant was initially charged in felony complaints with criminal possession of a weapon in the second degree in violation of Penal Law § 265.03 (3), criminal possession of stolen property in the fourth degree and five drug-related counts for possessing narcotics, methamphetamines and marihuana and for selling narcotics on an earlier date, and was held for grand jury action on those charges. Pursuant to a plea agreement, defendant thereafter waived indictment and consented to be prosecuted by a superior court information (hereinafter SCI) charging him with criminal possession of a weapon in the second degree, pursuant to Penal Law § 265.03 (1) (b). In satisfaction of all charges, defendant pleaded guilty to criminal possession of a weapon in the second degree as charged in the SCI (see Penal Law § 265.03 [1] [b]), waived his right to appeal and was sentenced, in accordance with the agreement, to a prison term of 3½ years followed by 3½ years of postrelease supervision. Defendant appeals.
As the People concede, and our review of the record confirms, defendant is correct that the waiver of indictment and SCI are jurisdictionally defective because they did not charge an "offense for which the defendant was held for action of a grand jury" (CPL 195.20; see People v Seals, 135 AD3d 985, 986 [2016])[FN1]. Pursuant to CPL 195.20, a waiver of indictment must [*2]contain "each offense to be charged in the [SCI]" which "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable." To that end, "a defendant is held for the action of a [g]rand [j]ury on both the offense charged in the felony complaint as well as its lesser included offenses" (People v Menchetti, 76 NY2d 473, 474 [1990]; see People v Milton, 21 NY3d 133, 136 [2013]), because, "[f]or purposes of waiver of indictment, a charge that is a lesser included offense of a crime charged in the felony complaint is viewed as the 'same offense' and may be substituted for the original charge in a waiver of indictment and SCI" (People v Pierce, 14 NY3d 564, 568 [2010]). Accordingly, "a defendant may waive indictment and plead guilty to an SCI that names a different offense from that charged in the felony complaint only when the crime named in the SCI is a lesser included offense of the original charge" (People v Seals, 135 AD3d at 986; accord People v Hulstrunk, 163 AD3d 1177, 1178 [2018]).
Here, defendant pleaded guilty, as charged in the SCI, to criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b), a different crime from that charged in any of the felony complaints resolved by the plea agreement, including the one charging him with criminal possession of a weapon in the second degree under Penal Law § 265.03 (3). "A crime is a lesser included offense of a charge of a higher degree only when in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the very same conduct, committing the lesser offense" (People v Hulstrunk, 163 AD3d at 1178 [internal quotation marks and citations omitted]). To be guilty of the offense charged in the SCI, defendant must have "possess[ed] a loaded firearm" and done so "with intent to use the same unlawfully against another" (Penal Law § 265.03 [1] [b]). The weapon-related crime in the felony complaint charged defendant with "possess[ing] any loaded firearm" outside of his home or business (Penal Law § 265.03 [3]; see People v Gray, 151 AD3d 1470, 1472 [2017], lv denied 30 NY3d 949 [2017], cert denied ___ US ___, 138 S Ct 1295 [2018]; see also People v Jones, 22 NY3d 53, 57-58 [2013]). Inasmuch as it is possible to commit the crime charged in the felony complaint — possession of a loaded weapon — without committing the crime charged in the SCI — possession with intent to use the weapon unlawfully — the crime charged in the SCI is not a lesser included offense of the former and the SCI could not serve as a proper jurisdictional predicate for defendant's guilty plea (see People v Hulstrunk, 163 AD3d at 1178).
Given that the SCI here did not contain either an offense charged in the underlying felony complaints or a lesser included offense of the original charges, the SCI upon which defendant's plea was based was jurisdictionally defective (see id.; People v Seals, 135 AD3d at 987; cf. People v Milton, 21 NY3d at 137 People v Menchetti, 76 NY2d at 477)[FN2]. Accordingly, defendant's plea must be vacated and the SCI dismissed and, if warranted, further proceedings on the felony complaints may be undertaken (see People v Hulstrunk, 163 AD3d at 1178; People v Seals, 135 AD3d at 987).
Egan Jr., J.P., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.



Footnotes

Footnote 1: This jurisdictional challenge is not subject to preservation rules and is not precluded by defendant's guilty plea or waiver of appeal (see People v Milton, 21 NY3d 133, 136 [2013]; People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Hulstrunk, 163 AD3d 1177, 1178 n [2018]).

Footnote 2: "The provision in CPL 195.20 that permits a waiver of indictment and an SCI to include an offense that is 'properly joinable' with a crime for which the defendant was held for the action of a grand jury is applicable only when the SCI 'also includes at least one offense that was contained in the felony complaint'" (People v Seals, 135 AD3d at 986 n [brackets omitted], quoting People v Zanghi, 79 NY2d 815, 818 [1991]).