People v Vaughn (2019 NY Slip Op 04500)





People v Vaughn


2019 NY Slip Op 04500


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

109268

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DANIEL C. VAUGHN, Appellant.

Calendar Date: May 2, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


John A. Cirando, Syracuse, for appellant.
William G. Gabor, District Attorney, Wampsville (Elizabeth Healy of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered September 29, 2016, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant waived indictment and was charged in a superior court information (hereinafter SCI) with assault in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree. He thereafter pleaded guilty to assault in the second degree in full satisfaction of the charges and waived his right to appeal. County Court sentenced him in accordance with the plea agreement to 4½ years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
At oral argument, defendant raised his contention that the waiver of indictment and the SCI failed to set forth a time of the offense and are thus jurisdictionally defective. Initially, a claim of lack of jurisdiction may be raised at any time (see generally People v Nicometi, 12 NY2d 428, 431 [1963]), and such challenge is not precluded by defendant's guilty plea or his waiver of the right to appeal (see People v Hulstrunk, 163 AD3d 1177, 1178 n [2018]; People v Seals, 135 AD3d 985, 987 [2016]). A waiver of indictment must be executed in strict compliance with the requirements of CPL 195.20, which provides, as pertinent here, that it shall include the "approximate time
. . . of each offense to be charged in the [SCI]" (see People v Sterling, 27 AD3d 950, 952 [2006], lv denied 6 NY3d 898 [2006]). Although "courts may read both [the SCI and the waiver of indictment] together, as a single document, to satisfy the requirements of CPL 195.20," it is undisputed that here neither contained any reference to the time of the offense (People v Busch—Scardino, 166 AD3d 1314, 1314 n [2018]). Further, this is not a case "where the time of the offense is unknown, or, perhaps, unknowable so as to excuse the absence of such information" (People v Titus, 171 AD3d 1256, 1256 [2019] [internal quotation marks and [*2]citation omitted]; compare People v Watt, 84 NY2d 948, 950-951 [1994]). Indeed, a specific time was provided in the felony complaint.
We are thus constrained to reverse the judgment of conviction and dismiss the SCI (see People v Edwards, 171 AD3d 1402, 1402 [2019]; People v Titus, 171 AD3d at 1256; People v Colon—Colon, 169 AD3d 187, 192 [2019], lv denied ___ NY3d ___ [Apr. 16, 2019]; People v Busch—Scardino, 166 AD3d at 1316). Further proceedings, if warranted, may be had on the felony complaint in the appropriate court (see People v Seals, 135 AD3d at 987). Our determination renders defendant's remaining arguments academic.
Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.