# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 108    SSM 26
The People &c.,
   Appellant,
  v.
Zaquan Walley,
   Respondent.

Submitted by Peter H. Willis, for appellant.
Submitted by Matthew C. Hug, for respondent.

MEMORANDUM:

The order of the Appellate Division should be reversed and the case remitted to that Court for consideration of facts and issues raised but not determined on the appeal to that Court.

The People appeal from an order of the Appellate Division, which unanimously reversed, on the law, a judgment of County Court, convicting defendant Zaquan Walley upon a plea of guilty of second-degree criminal possession of a weapon. The Appellate Division dismissed the Superior Court information and remitted the matter to County Court for further proceedings, holding that the waiver of indictment form was defective for failure to include the approximate time of the crime charged.

Shortly after the Appellate Division rendered its decision, we held in *People v Lang* (34 NY3d 545, 567 [2019]) that any "omission from the indictment waiver form of non-elemental factual information that is not necessary for a jurisdictionally-sound indictment is [] forfeited by a guilty plea" and "must be raised in the trial court" (*id.* at 569, quoting *People v Milton*, 21 NY3d 133, 137 n [2013]). The time of incident is not an element of second-degree criminal possession of a weapon (Penal Law § 265.03 [2]), and defendant was on notice of the crime charged. Therefore, *Lang* controls. Accordingly, we reverse the Appellate Division order and remit. Defendant's additional arguments in support of an affirmance, which were raised, but not reached by the Appellate Division, should be considered by that Court in the first instance upon remittal.

On review of submissions pursuant to section 500.11 of the Rules, order reversed and case remitted to the Appellate Division, Third Department, for consideration of facts and issues raised but not determined on the appeal to that Court. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided December 22, 2020