People v Mendoza (2022 NY Slip Op 06499)

People v Mendoza

2022 NY Slip Op 06499

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-01967

[*1]The People of the State of New York, respondent,
v
Miguel Mendoza, appellant. (S.C.I. No. 2525/18)

Patricia Pazner, New York, NY (Michael Arthus of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Noah Lipshie on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (David J. Kirschner, J.), rendered June 21, 2019, convicting him of course of sexual conduct against a child in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea is vacated, the superior court information is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
The defendant was charged, by felony complaint, with one count of course of sexual conduct against a child in the first degree under Penal Law § 130.75(1)(b), and one count of endangering the welfare of a child under Penal Law § 260.10(1). He waived indictment by a grand jury and entered a plea of guilty under a superior court information to one count of course of sexual conduct against a child in the second degree under Penal Law § 130.80(1)(a). As the defendant contends, and the People correctly concede, the judgment of conviction must be reversed, the plea vacated, and the superior court information dismissed.
The single count in the superior court information was not an "offense for which the defendant [had been] held for action of a grand jury" (CPL 195.20), in that it was not an offense charged in the felony complaint or a lesser included offense of an offense charged in the felony complaint (see People v Menchetti, 76 NY2d 473, 477; People v McCall, 194 AD3d 1197, 1197-1198; People v Diego, 172 AD3d 1776, 1776-1777; People v Chacko, 137 AD3d 930, 931-932; People v Nemnom, 123 AD3d 740, 741). Thus, the superior court information was jurisdictionally defective. This defect survives the defendant's failure to raise this claim in the Supreme Court, his plea of guilty, and his waiver of the right to appeal (see People v Nemnom, 123 AD3d at 741). Accordingly, we reverse the judgment of conviction, vacate the defendant's plea of guilty, dismiss the superior court information, and remit the matter to the Supreme Court, Queens County. If warranted, further proceedings may be had on the felony complaint in the local criminal court.
In light of the foregoing, we need not reach the defendant's remaining contention.
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court