People v Salomon (2025 NY Slip Op 01393)

People v Salomon

2025 NY Slip Op 01393

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2019-09024

[*1]The People of the State of New York, respondent,
v
Gil Palacio Salomon, appellant. (S.C.I. No. 580/18)

Patricia Pazner, New York, NY (Angad Singh of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Tess Mariel O'Leary of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Suzanne J. Melendez, J.), rendered September 17, 2018, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant waived his right to be prosecuted by indictment and, under a superior court information (hereinafter SCI), entered a conditional plea of guilty to, inter alia, attempted assault in the second degree. After the defendant failed to comply with certain plea conditions, he was sentenced, as promised, on his conviction of attempted assault in the second degree.
The defendant's contention that the SCI was jurisdictionally defective because the two counts thereof violate Criminal Procedure Law § 195.20 is not forfeited by his plea of guilty to offenses charged in the SCI (see People v Hodges, 199 AD3d 1015).
A defendant may waive indictment by a grand jury and consent to prosecution by SCI (see NY Const, art I, § 6; CPL 195.10[1]; People v Milton, 21 NY3d 133, 135; People v Hodges, 199 AD3d at 1016). "Waivers of indictment allow a defendant to obtain a speedier disposition of the charges against him [or her] and the State is spared the time and expense of unnecessary Grand Jury proceedings" (People v Milton, 21 NY3d at 135-136 [internal quotation marks omitted]).
The SCI "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40" of the Criminal Procedure Law (CPL 195.20; see People v Pierce, 14 NY3d 564, 568). "[W]here the waiver of indictment and the [SCI] include at least one offense for which the defendant was charged in the felony complaint, Criminal Procedure Law § 195.20 permits a waiver of indictment and [the SCI] to also include 'any offense' that is 'properly joinable' pursuant to Criminal Procedure Law §§ 200.20 and 200.40" (People v Hodges, 199 AD3d at 1016; see People v Pierce, 14 NY3d at 568; People v Zanghi, 79 NY2d 815, 818).
Here, the felony complaint charged the defendant with a top count of assault in the second degree, a class D felony (see Penal Law § 120.05[2]), and various other crimes. The SCI contained one count of attempted assault in the second degree, a class E felony (see id. §§ 110.00, 110.05[6], 120.05[1]), and one count of assault in the third degree, a misdemeanor (see id. § 120.00[1]). It is undisputed that the count of assault in the third degree was charged in the related felony complaint (see generally People v Griffin, 173 AD3d 1203, 1206). Thus, pursuant to Criminal Procedure Law § 195.20, the People were permitted to include in the waiver of indictment and the SCI any offense joinable with that count pursuant to Criminal Procedure Law § 200.20 (see People v Pierce, 14 NY3d at 572). Under the circumstances present here, the count of attempted assault in the second degree was joinable with the count of assault in the third degree because both counts were "based upon the same act or upon the same criminal transaction" (CPL 200.20[2][a]; see id. § 40.10[2]; People v Perkins, 230 AD3d 977, 982-983). Thus, the SCI properly contained a triggering offense for which the defendant was charged in the felony complaint and a joinable offense (see People v Hodges, 199 AD3d at 1016; People v Griffin, 173 AD3d at 1205-1206; see generally People v Milton, 21 NY3d at 135). The defendant's assertion that the count of attempted assault in the second degree was not a lesser included offense of a charge included in the felony complaint is irrelevant to the analysis because the triggering offense, assault in the third degree, was contained in the felony complaint (see People v Milton, 21 NY3d at 136 ["an SCI may include any offense for which the defendant was charged in a felony complaint"]). Further, contrary to the defendant's contention, the SCI did not become defective merely because the Supreme Court, pursuant to the terms of the conditional plea, dismissed the count containing the triggering offense and sentenced the defendant on a joinable count, attempted assault in the second degree (see People v Perkins, 230 AD3d at 980-983).
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court