■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HENRY SWINSON, Respondent. [666 NYS2d 958] —Appeal by the People from an order of the Supreme Court, Queens County (Flug, J.), dated October 18, 1996.

Ordered that the order is affirmed for reasons stated by Justice Flug at the Supreme Court. O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTONEZ WALLACE, Appellant. [666 NYS2d 961] —Appeal by the defendant, as limited by his notice of appeal, from so much of a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered February 5, 1996, as, upon convicting him of sexual abuse in the first degree, upon his plea of guilty, denied him youthful offender status, and imposed sentence.

Ordered that the judgment is affirmed insofar as appealed from.

Mere eligibility for youthful offender status does not mandate youthful offender treatment. The decision to grant such treatment lies wholly within the discretion of the court (*see*, CPL 720.20; *People v Vera*, 206 AD2d 494; *People v Barr*, 168 AD2d 625). On this record, the court's determination to deny youthful offender treatment to the defendant was not an improvident exercise of discretion.

We note that because the defendant's notice of appeal limited the instant appeal to "denial of youthful offender status *only*" (emphasis in the original), we may not reach any other issue (*see, City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516; *W.J.F. Realty Corp. v Town of Southampton*, 240 AD2d 657; *Royal v Brooklyn Union Gas Co.*, 122 AD2d 132, 133). Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.