■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ORTIZ, Appellant. (Appeal No. 2.) [692 NYS2d 633] —Judgment unanimously affirmed. Same Memorandum as in *People v Ortiz* (262 AD2d 988 [decided herewith]). (Appeal from Judgment of Monroe County Court, Marks, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE POPSON, JR., Appellant. [694 NYS2d 541] —Judgment unanimously affirmed. Memorandum: After being held for Grand Jury action on the charge of criminal possession of a weapon in the third degree in violation of Penal Law § 265.02 (1), defendant waived indictment and pleaded guilty to attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [4]). We reject the contention of defendant that he was convicted of a violent felony offense and thus that the sentence of 1¹/₃ to 4 years imprisonment is illegal (*see*, Penal Law § 70.04 [former (4)]). "[A]ccording to the plain statutory language [of Penal Law § 70.02 (1) (d)], a class E violent felony offense is reserved for accuseds who plead guilty to attempted criminal possession of a weapon in the third degree as a lesser included offense under an indictment charging a greater offense" (*People v Dickerson*, 85 NY2d 870, 872). We also reject defendant's contention that the sentence is unduly harsh or severe. Because defendant's notice of appeal limits the scope of the appeal to the sentence imposed, we do not address defendant's remaining contention (*see*, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 450.10, at 665-666; *see also, People v Wallace*, 246 AD2d 676; *People v Stevens*, 120 AD2d 553). (Appeal from Judgment of Erie County Court, Drury, J.—Attempted Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Balio, JJ.