■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WAYNE CANTRELL, Appellant. [829 NYS2d 392]—Appeal from an order of the Steuben County Court (Marianne Furfure, J.), entered August 24, 2005. The order, insofar as appealed from, determined that defendant is a level two risk pursuant to

the Sex Offender Registration Act and upheld the validity of the risk assessment instrument.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Although defendant's notice of appeal predates the order from which defendant purports to appeal, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the order (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]). We reject the contention of defendant that County Court erred in determining that he is a level two risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The sworn statement of the victim provided clear and convincing evidence to justify the imposition of points on the risk assessment instrument for the use of forcible compulsion and a continuing course of sexual misconduct (*see* § 168-n [3]; *People v Wroten*, 286 AD2d 189, 199 [2001], *lv denied* 97 NY2d 610 [2002]; *see generally People v Dort*, 18 AD3d 23 [2005], *lv denied* 4 NY3d 885). Additionally, because the notice of appeal limits the scope of the appeal and does not encompass the contention of defendant that the court erred in denying his request for expert witness fees, we do not address that contention (*see People v Popson*, 262 AD2d 989 [1999], *lv denied* 93 NY2d 1025 [1999]; *People v Wallace*, 246 AD2d 676 [1998], *lv denied* 91 NY2d 945 [1998]).

We have considered defendant's remaining contention and conclude that it is without merit. Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.