# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

880

KA 07-02181

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                 MEMORANDUM AND ORDER

JOSEPH R. SPENCER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered April 16, 2007. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the fifth degree (§§ 110.00, 220.06 [2]) and criminally possessing a hypodermic instrument (§ 220.45). With respect to appeal No. 1, "[t]he challenge by defendant to the amount of restitution is not foreclosed by his waiver of the right to appeal because the amount of restitution was not included in the terms of the plea agreement" (*People v Sweeney*, 4 AD3d 769, 770, *lv denied* 2 NY3d 807; *cf. People v Gilmore*, 12 AD3d 1155, 1156). Defendant waived that challenge, however, because he failed to object to the amount of restitution at sentencing (*see Sweeney*, 4 AD3d at 770). He also "failed to preserve that challenge for our review, . . . by failing to request a hearing or to object to the amount of restitution" (*People v Lovett*, 8 AD3d 1007, 1008, *lv denied* 3 NY3d 673, 677; *see People v Horne*, 97 NY2d 404, 414 n 3). Furthermore, there is no support in the record for defendant's contention that he was deprived of the benefit of his plea bargain, i.e., that he did not receive the benefit that he was promised in exchange for pleading guilty (*cf. People v Pichardo*, 1 NY3d 126). With respect to defendant's further contention in appeal No. 1, that County Court erred in refusing to suppress his statements to the police, that contention is encompassed by defendant's valid waiver of the right to appeal, and we therefore do not address it (*see People v Kemp*, 94 NY2d 831, 833).

With respect to appeal No. 2, defendant contends that his waiver

of indictment was invalid inasmuch as there is no evidence in the record before us that a local criminal court held him over for the action of a grand jury on the charges in the superior court information (SCI). Defendant is correct that his contention "is a jurisdictional one which survives his appeal waiver and guilty plea" (*People v Dennis*, 66 AD3d 1058, 1058; *see People v Boston*, 75 NY2d 585, 589 n), and we agree with defendant that his contention has merit. As the record establishes, at the time defendant waived indictment and consented to be prosecuted by an SCI, he had already been indicted on the burglary charges, which arose from the same incident. Consequently, we agree with defendant that, "[g]iven the objective and the plain language of CPL 195.10 (2) (b), the conclusion is inescapable that waiver cannot be accomplished after indictment, as was the case here, even where it is the defendant who orchestrates the scenario" (*Boston*, 75 NY2d at 589). We therefore reverse the judgment in appeal No. 2, vacate the sentence imposed, and dismiss the SCI.

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court