*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                 105706
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

REY MARTINEZ,
                    Appellant.
_____


Calendar Date:  June 4, 2015

Before:  Garry, J.P., Rose, Devine and Clark, JJ.

                    _____


        James P. Milstein, Public Defender (Theresa M. Suozzi of
counsel), for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

                    _____


Garry, J.P.

        Appeal from a judgment of the Supreme Court (Teresi, J.),
entered January 22, 2013 in Albany County, convicting defendant
upon his plea of guilty of the crime of attempted assault in the
second degree.

        Defendant waived indictment and pleaded guilty to a charge
contained in a superior court information of attempted assault in
the second degree and waived his right to appeal in a written
waiver as part of the plea allocution and pursuant to a
negotiated plea agreement.  The charges stem from an incident in
which defendant intentionally cut the victim with a butcher
knife.  He was sentenced as a second felony offender to the
agreed-upon prison term of 1½ to 3 years, and now appeals.

Initially, defendant's challenge to his waiver of appeal as not knowing, voluntary or intelligent lacks merit, as the plea colloquy reflects that Supreme Court made clear its separate and distinct nature, and confirmed that defendant had read the written waiver of appeal before signing it and after discussing it with counsel (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Guyette, 121 AD3d 1430, 1430-1431 [2014]).  Given the valid waiver of appeal, defendant is precluded from challenging his negotiated sentence as harsh and excessive (see People v Lopez, 6 NY3d at 256).  Although defendant's challenge to the voluntariness of his plea survives his appeal waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]), this issue is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion, and the exception to the preservation requirement is inapplicable (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Balbuena, 123 AD3d 1384, 1385 [2014]).

With regard to defendant's argument that he should not have been sentenced as a second felony offender, it implicates the legality of the sentence and is not precluded by his appeal waiver (see People v Parker, 121 AD3d 1190, 1190 [2014]).  Moreover, to the extent that defendant contends that the unlawfulness of his sentence is clear on the face of the record, it may be raised for the first time on appeal (see People v Santiago, 22 NY3d 900, 903 [2013]; People v Samms, 95 NY2d 52, 57 [2000]).  As relevant here, to impose a second felony offender sentence, Supreme Court was required to find that defendant had been convicted of a felony for which a sentence of over one year was authorized, the sentence on the predicate conviction must have been imposed before he committed the present felony, and the predicate sentence must have been imposed not more than 10 years before commission of the present felony, excluding periods in which he was incarcerated for any reason (see Penal Law § 70.06 [1] [b] [i-v]).  The People submitted a predicate statement, presentence report and other documentary evidence establishing that defendant had been sentenced to 3½ years in prison for a felony conviction, which commenced on November 30, 1999; he was released on parole on September 5, 2002 and thereafter violated parole and served additional prison time in 2005 to 2006 and again in 2008, and committed the instant offense on October 27,

2012. Defendant admitted the prior offense, and the foregoing proof was sufficient to "establish that defendant had been convicted of a felony offense within the relevant [10-year] period as tolled by [the] intervening period[s] of incarceration" (People v Ellis, 60 AD3d 1197, 1198 [2009]; see People v Caldwell, 80 AD3d 998, 999 [2011], lv denied 16 NY3d 857 [2011]). Defendant offered no support for his contention that his parole violations and resulting periods of incarceration were invalid, nor did he request a further opportunity to contest the allegations (see CPL 400.21). Any such claims were not preserved for our review by an objection at sentencing (see People v House, 119 AD3d 1289, 1290 [2014]).

Rose, Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court