People v McCall (2021 NY Slip Op 03083)





People v McCall


2021 NY Slip Op 03083


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

111213
[*1]The People of the State of New York, Respondent,
v
Jovon McCall, Appellant.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Martin J. McGuinness, Saratoga Springs, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Aarons, J.
Appeal from the judgment of the Supreme Court (Lynch, J.), rendered January 28, 2019 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.
In March 2018, defendant was charged in a felony complaint with robbery in the first degree and was held for grand jury action on that charge. According to the complaint, defendant entered a building in the City of Albany and, with the assistance of at least one other individual, forcibly stole property from another person while wielding and pointing a semiautomatic handgun at that person. Pursuant to a plea agreement, defendant thereafter waived indictment and consented to be prosecuted by a superior court information (hereinafter SCI) charging him with attempted robbery in the second degree, pursuant to Penal Law §§ 110.00 and 160.10 (1). In full satisfaction of the SCI, defendant pleaded guilty to attempted robbery in the second degree as charged in the SCI, waived his right to appeal and was sentenced, in accordance with the agreement, to a prison term of five years to be followed by five years of postrelease supervision. Defendant appeals.
As the People concede, and our review of the record confirms, defendant is correct that the waiver of indictment and the SCI are jurisdictionally defective because they did not charge an "offense for which the defendant was held for action of a grand jury" (CPL 195.20; see People v Diego, 172 AD3d 1776, 1776 [2019]; People v Seals, 135 AD3d 985, 986 [2016]).[FN1] "[A] defendant may waive indictment and plead guilty to an SCI that names a different offense from that charged in the felony complaint only when the crime named in the SCI is a lesser included offense of the original charge" (People v Diego, 172 AD3d at 1777 [internal quotation marks and citations omitted]).
Here, defendant pleaded guilty, as charged in the SCI, to attempted robbery in the second degree under Penal Law §§ 110.00 and 160.10 (1), a different crime from robbery in the first degree (see Penal Law § 160.15 [2]), which was charged in the felony complaint. To be guilty of the offense charged in the SCI, defendant must have attempted to "forcibly steal[] property" and done so "when . . . aided by another person actually present" (Penal Law § 160.10 [1]). However, the crime of robbery in the first degree in the felony complaint charged defendant with "forcibly steal[ing] property" while "he or another participant in the crime . . . [i]s armed with a deadly weapon" (Penal Law § 160.15 [2]). "As charged here, [attempted] robbery in the second degree requires an element not required by robbery in the first degree — namely, that defendant be 'aided by another person actually present'" (People v Smith, 174 AD3d 1039, 1044 [2019], quoting Penal Law § 160.10 [1]; see People v Acevedo, 40 NY2d 701, 706 [1976]; People v Lebron, 305 AD2d 799, 800-801 [2003], lv denied 100 NY2d 583 [2003]). Thus, inasmuch as it is possible to commit the crime [*2]charged in the felony complaint — robbery in the first degree — without committing the crime charged in the SCI — attempted robbery in the second degree — the crime charged in the SCI is not a lesser included offense of the former (see People v Smith, 174 AD3d at 1043-1044).
Given that the SCI here did not contain either an offense charged in the underlying felony complaint or a lesser included offense thereof, the SCI upon which defendant's plea was based was jurisdictionally defective (see People v Diego, 172 AD3d at 1777-1778; People v Hulstrunk, 163 AD3d 1177, 1178 [2018]; People v Seals, 135 AD3d at 987). Accordingly, defendant's plea must be vacated and the SCI dismissed and, if warranted, further proceedings on the felony complaint may be undertaken (see People v Hulstrunk, 163 AD3d at 1178; People v Seals, 135 AD3d at 987).
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.



Footnotes

Footnote 1: We note that defendant's "jurisdictional challenge is not precluded by either his guilty plea or his waiver of the right to appeal, and further, is not subject to the preservation requirement" (People v Coss, 178 AD3d 25, 27 [2019] [internal quotation marks and citations omitted]; see People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Diego, 172 AD3d at 1776 n 1).