People v Michalski (2022 NY Slip Op 04190)

People v Michalski

2022 NY Slip Op 04190

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

109947 112707
[*1]The People of the State of New York, Respondent,
v
Mariusz Michalski, Appellant.

Calendar Date:May 26, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Clea Weiss, Ithaca, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the Supreme Court (McDonough, J.), rendered December 1, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal contempt in the second degree, and (2) by permission, from an order of said court, entered December 1, 2020 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In June 2017, defendant was charged by indictment with two counts of aggravated criminal contempt. On the morning of the scheduled trial, the People offered to move to dismiss the indictment and permit defendant to plead guilty to a superior court information (hereinafter SCI) charging him with one count of criminal contempt in the second degree with the understanding that he would be sentenced to six months in jail. The plea agreement also included a waiver of defendant's right to appeal. Defendant thereafter executed a waiver of indictment and pleaded guilty to the underlying SCI, and Supreme Court dismissed the indictment. After defendant was sentenced to the contemplated term of incarceration, he moved to vacate the judgment of conviction, contending that his guilty plea was entered under duress and that he was deprived of the effective assistance of counsel. Supreme Court denied defendant's motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
The People concede — and we agree — that the waiver of indictment is invalid, which, in turn, renders the resulting procedure employed to procure defendant's guilty plea unauthorized. Preliminarily, defendant's challenge to the validity of the waiver of indictment is jurisdictional in nature and, therefore, such claim "is not forfeited by his plea of guilty and does not need to be preserved for appellate review" (People v Giddens, 172 AD3d 1402, 1402 [2019], lv denied 34 NY3d 931 [2019]; see People v Boston, 75 NY2d 585, 589 n [1990]; People v Spencer, 87 AD3d 1284, 1285 [2011]). As to the merits, CPL 195.10 provides that a defendant may waive indictment and consent to be prosecuted by an SCI when he or she has been held for action by a grand jury, has not been charged with a class A felony punishable by death or life imprisonment and the District Attorney consents to the waiver (see CPL 195.10 [1] [a]-[c]). Such waiver may be accomplished — as relevant here — in "the appropriate superior court, at any time prior to the filing of an indictment by the grand jury" (CPL 195.10 [2] [b]). As the Court of Appeals has observed, "[g]iven the objective and the plain language of CPL 195.10 (2) (b), the conclusion is inescapable that waiver cannot be accomplished after indictment . . ., even where it is the defendant who orchestrates the scenario" (People v Boston, 75 NY2d at 589 [footnote omitted]; see People v Eggleston, 173 AD3d 1252, 1253-1254 [2019]; People v Mano, 121 AD3d 1593, 1594 [2014], lv dismissed [*2]24 NY3d 1121 [2015]; People v Spencer, 87 AD3d at 1285-1286).
Here, at the point in time when defendant agreed to be prosecuted by way of an SCI, defendant already had been indicted and the matter was scheduled for trial. Although the indictment subsequently was dismissed, there is no indication in the record that the dismissal was occasioned by a defect in the indictment itself (see CPL 210.20) or that Supreme Court authorized resubmission of the charge to the grand jury (see CPL 210.45 [9]), and it does not appear that a new felony complaint was filed. "Therefore, defendant was not placed on a formal preindictment procedural track" (People v Eggleston, 173 AD3d at 1254 [citations omitted]). Under these circumstances, the waiver of indictment is invalid and the resulting SCI must be dismissed (see People v Spencer, 87 AD3d at 1285-1286). In light of this conclusion, defendant's remaining contentions, including his claim that Supreme Court improperly denied his CPL 440.10 motion without a hearing, are academic (see People v Eggleston, 173 AD3d at 1254; see generally People v Cutler, 173 AD3d 1269, 1270-1271 [2019]).
Garry, P.J., Lynch, Aarons and Ceresia, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.
ORDERED that the appeal from the order is dismissed, as academic.