People v Neischer (2022 NY Slip Op 06265)

People v Neischer

2022 NY Slip Op 06265

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-00012

[*1]The People of the State of New York, respondent,
v
Quran Neischer, appellant. (S.C.I. No. 90144/19)

Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered August 26, 2019, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On appeal, the defendant challenges only his designation as a violent felony offender pursuant to Penal Law § 70.02(1)(d) and CPL 220.20(1).
In the instant case, the defendant pleaded guilty to attempted criminal possession of a weapon in the third degree under a superior court information charging the greater offense of criminal possession of a weapon in the third degree. Since attempted criminal possession of a weapon in the third degree was not charged as the only count or the top count, but rather, was a lesser-included offense of the only count in the superior court information, the defendant's conviction of that offense constitutes a conviction of a class E violent felony offense (see Penal Law § 70.02[1][d]; CPL 220.20[1]). Accordingly, the defendant's contention that he should not have been sentenced as a violent felony offender is without merit (see People v Dargan, 101 AD3d 1143, 1144; People v Henry, 52 AD3d 841, 843-844; cf. People v Dickerson, 85 NY2d 870).
DILLON, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court