People v Hayes (2022 NY Slip Op 06965)

People v Hayes

2022 NY Slip Op 06965

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

113193
[*1]The People of the State of New York, Respondent,
v
Amy E. Hayes, Appellant.

Calendar Date:November 18, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Essex County (Richard B. Meyer, J.), rendered September 1, 2021, which resentenced defendant following her conviction of the crime of conspiracy in the fourth degree.
In connection with her conduct on or about November 5, 2020, defendant pleaded guilty to conspiracy in the fourth degree, waived her right to appeal and did not dispute the predicate felony information filed by the People alleging her second felony offender status. On May 10, 2021, defendant was sentenced, as a second felony offender, to a prison term of 1½ to 3 years to be served as parole supervision in the Willard program, to run concurrently with the sentence imposed on the same day in connection with her plea of guilty of criminal sale of a controlled substance in the fifth degree — which was the predicate felony used to establish her second felony offender status in the instant matter. After the Department of Corrections and Community Supervision determined that defendant's sentence did not qualify for parole supervision, County Court resentenced defendant, eliminating the parole supervision portion of the sentence but, otherwise, imposing the same prison term consistent with her second felony offender status. Defendant appeals from the resentence.
We agree with defendant's contention that County Court erred in sentencing her as a second felony offender based upon the predicate felony relied upon by the People to establish defendant's status as a second felony offender. Initially, we note that defendant's argument "implicates the legality of the sentence and is not precluded by [her] appeal waiver [and, because] the unlawfulness of [her] sentence is clear on the face of the record, it may be raised for the first time on appeal" (People v Martinez, 130 AD3d 1087, 1088 [3d Dept 2015] [internal citation omitted], lv denied 26 NY3d 1010 [2015]; see People v Samms, 95 NY2d 52, 57 [2000]).
In order for a prior conviction to constitute a predicate felony, the "sequentiality requirement" must be satisfied, which means "that the 'sentence upon such prior conviction must have been imposed before commission of the present felony'" (People v Thomas, 33 NY3d 1, 5 [2019] [internal quotation marks and brackets omitted], quoting Penal Law § 70.06 [1] [b] [ii]; see People v Samms, 95 NY2d at 55). Defendant was sentenced on the predicate felony forming the basis for her second felony status on the same day that she was sentenced on the instant offense. As such, that felony offense — referenced in the predicate felony information as an August 27, 2020 conviction for criminal sale of a controlled substance in the fifth degree — could not be used to meet the requirements for sentencing defendant as a second felony offender on the instant offense. Although there is other information in the record that could be used to support defendant's status as a second felony offender, the predicate felony information filed by the People in this matter did not [*2]include any other prior conviction information (see generally CPL 400.21 [2]). In any event, defendant has "the right to be sentenced as provided by law" (People v Samms, 95 NY2d at 56 [internal quotation marks, brackets and citation omitted]). Accordingly, the resentence is vacated, and the matter is remitted to County Court for resentencing, which can be preceded by the filing of a new predicate felony information (see People v James, 140 AD3d 1628, 1629 [4th Dept 2016]).
Clark, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is reversed, on the law, resentence vacated, and matter remitted to the County Court of Essex County for resentencing.