People v Faulkner (2022 NY Slip Op 06957)

People v Faulkner

2022 NY Slip Op 06957

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

110802
[*1]The People of the State of New York, Respondent,
v
Larry Faulkner, Appellant.

Calendar Date:November 21, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Mitchell S. Kessler, Cohoes, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Albany County (William A. Carter, J.), rendered June 6, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant pleaded guilty to criminal possession of a weapon in the second degree and waived the right to appeal. He was sentenced as a second violent felony offender to the agreed-upon prison term of 10 years, followed by five years of postrelease supervision. Defendant appeals.
Defendant's argument that he should not have been sentenced as a second violent felony offender implicates the legality of the sentence and, therefore, survives his unchallenged appeal waiver (see People v Martinez, 130 AD3d 1087, 1088 [3d Dept 2015], lv denied 26 NY3d 1010 [2015]; People v Parker, 121 AD3d 1190, 1190 [3d Dept 2014]). Further, defendant's contention regarding the illegality of the sentence is clear on the face of the record and may be raised for the first time on appeal (see People v Santiago, 22 NY3d 900, 903 [2013]; People v Martinez, 130 AD3d at 1088).
To qualify as a predicate violent felony, the sentence for the prior violent felony "must have been imposed not more than [10] years before commission of the felony of which the defendant presently stands convicted" (Penal Law § 70.04 [1] [b] [iv]). "In calculating this 10-year look-back period, 'any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such 10-year period shall be extended by a period or periods equal to the time served under such incarceration'" (People v Meckwood, 86 AD3d 865, 867 [3d Dept 2011] [brackets omitted], affd 20 NY3d 69 [2012], quoting Penal Law § 70.04 [1] [b] [v]).
The instant offense occurred on March 3, 2018. Prior to sentencing, the People filed a predicate statement indicating that defendant had previously been convicted of a violent felony in 2004 (see CPL 400.15 [2]). The People also submitted a presentence report which demonstrated that defendant was convicted of additional felonies in 2010 and 2014, but — as the People concede — neither the predicate statement nor the presentence report established the time periods during which defendant was incarcerated during the time between the two violent felonies in order to toll the 10-year look-back period.[FN1] At sentencing, defendant admitted to the prior offense but County Court failed to make a finding that the tolling provision applied (see Penal Law § 70.04 [1] [b] [v]). Since the record reflects that the imposed sentence as a second violent felony offender may have been illegal, the matter must be remitted for a hearing on this issue and resentencing (see People v VanHooser, 126 AD3d 1531, 1532-1533 [4th Dept 2015]; People v Williams, 48 AD3d 715, 716 [2d Dept 2008], lv denied 10 NY3d 940 [2008]).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and McShan, [*2]JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Although the People request that this Court take judicial notice of a document that purportedly was before County Court and sets forth the time periods defendant was incarcerated during the look-back period, County Court did not reference the document during sentencing and the People have not provided the document to this Court.