People v Odu (2022 NY Slip Op 07266)

People v Odu

2022 NY Slip Op 07266

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

112044
[*1]The People of the State of New York, Respondent,
v
Abdul-Salaam O. Odu, Appellant.

Calendar Date:November 17, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland, for respondent.

Lynch, J.
Appeal from two judgments of the County Court of Cortland County (Julie A. Campbell, J.), rendered June 27, 2019, convicting defendant upon his pleas of guilty of the crimes of rape in the third degree and criminal contempt in the first degree.
Defendant was charged in a seven-count indictment with robbery in the third degree, criminal contempt in the first degree and other crimes stemming from his June 2, 2018 theft of property from victim A, a person in whose favor a no-contact order of protection was in place. Defendant was thereafter charged by felony complaint with rape in the first degree, based upon the allegation that he subjected victim B to sexual intercourse by forcible compulsion. Pursuant to a plea agreement that resolved all charges, defendant, advised by counsel, waived indictment on the charge in the felony complaint and agreed to be prosecuted by a superior court information (hereinafter SCI) for rape in the third degree as a lesser included offense of rape in the first degree; he thereafter pleaded guilty as charged by the SCI pursuant to an affidavit of stipulated facts. Defendant also pleaded guilty to criminal contempt in the first degree as charged in count 3 of the indictment, in satisfaction of all charges therein. As part of the global disposition, defendant was required to waive his right to appeal. Defendant, self-represented, moved to withdraw his guilty plea based upon claims of ineffective assistance of counsel and coercion, which the People opposed and County Court denied. In accord with the plea agreement, the court sentenced defendant to concurrent prison terms of three years followed by three years of postrelease supervision on the conviction of rape in the third degree and 1 to 3 years on the conviction of criminal contempt in the first degree. Defendant appeals.
Defendant primarily contends that the waiver of indictment and SCI were jurisdictionally defective.[FN1] A waiver of indictment and SCI may only include offenses for which a defendant was held for action of a grand jury or offenses properly joined therewith (see CPL 195.10 [1] [a]; 195.20, 200.15; People v Pierce, 14 NY3d 564, 568-574 [2010]; People v Menchetti, 76 NY2d 473, 477 [1990] [noting that "a defendant is held for the action of the (g)rand (j)ury on the lesser included offenses as well as a greater offense charged in the felony complaint"]). "A defendant may waive indictment and plead guilty to an SCI that names a different offense from that charged in the felony complaint only when the crime named in the SCI is a lesser included offense of the original charge" (People v McCall, 194 AD3d 1197, 1197 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see People v Pierce, 14 NY3d at 568). Here, the offense named in the waiver of indictment and SCI to which defendant pleaded guilty was rape in the third degree, which was not charged in the felony complaint and, he argues, is not a lesser included offense of rape in the first [*2]degree.
A lesser included offense "is an offense of lesser grade or degree" for which a showing is made that, "in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense," a determination made "by a comparative examination of the statutes defining the two crimes" (People v Glover, 57 NY2d 61, 63-64 [1982]; see CPL 1.20 [37]; People v Rivera, 23 NY3d 112, 120-121 [2014]; People v Van Norstrand, 85 NY2d 131, 135 [1995]). As charged in the felony complaint, rape in the first degree requires sexual intercourse "[b]y forcible compulsion" (Penal Law § 130.35 [1]), which "means to compel by either . . . use of physical force . . . or . . . a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped" (Penal Law § 130.00 [8]). Proof of forcible compulsion also satisfies the "lack of consent" element included not just in first-degree rape but in every offense defined under Penal Law article 130, "[w]hether or not specifically stated" (Penal Law § 130.05 [1]; see Penal Law § 130.05 [2] [a]).
Although the felony complaint did not specify which definition of forcible compulsion was being relied upon, it indicated that defendant "forcibly engage[d]" in sexual intercourse with victim B "while repeatedly being told to stop," during which she "kicked at" defendant, who "compel[ed]" her to have sexual intercourse. As defendant was not alleged to have threatened victim B, the relevant conduct to be analyzed is sexual intercourse compelled by the "use of physical force" (Penal Law § 130.00 [8] [a]; see People v Miller, 6 NY3d 295, 302 [2006]).
By distinction, rape in the third degree as charged in the SCI requires sexual intercourse without the victim's consent where "lack of consent is by reason of some factor other than incapacity to consent" (Penal Law § 130.25 [3]). As a general matter, this means that lack of consent can result either from forcible compulsion or where "the victim clearly expressed that he or she did not consent to engage in such act, and a reasonable person in the actor's situation would have understood such person's words and acts as an expression of lack of consent to such act under all the circumstances" (Penal Law § 130.05 [2] [d] see Penal Law § 130.05 [2] [a]). Here, however, the stipulated facts alleged the victim's express nonconsent, explaining that the People agreed to the lesser charge because "defendant and [victim B] had previously been involved in a relationship and had had consensual relations on more than one occasion." The People conceded "that the element of physical compulsion required by [Penal Law §] 130.35 (1) may not be present in this case and would therefore be difficult . . . to prove at trial beyond a reasonable doubt." Defendant affirmed [*3]that he "had intercourse with [victim B] even though she . . . expressed that she did not consent," and that "under all of the circumstances that a reasonable person in . . . defendant's situation would have understood [victim B's] words and acts as an expression of lack of consent" (compare Penal Law § 130.05 [2] [d]). Accordingly, instead of forcible compulsion, the SCI invoked the other lack-of-consent theory available under Penal Law § 130.25 (3), i.e., express non-consent by words or actions of the victim (see Penal Law § 130.05 [2] [d]), and the SCI and waiver of indictment charged third-degree rape under that theory.
Although we acknowledge that "it is unnecessary to forcibly compel another to engage in sexual acts unless that person is an unwilling participant" (People v Williams, 81 NY2d 303, 317 [1993]), it is nevertheless theoretically possible for one to use physical force to compel a victim to have sexual intercourse where the victim did not clearly express nonconsent (cf. People v Evans, 79 AD3d 454, 455 [1st Dept 2010], lv denied 17 NY3d 795 [2011]; see generally People v Miller, 6 NY3d at 303; People v Glover, 57 NY2d at 63).[FN2] That is, one who commits the greater crime of rape in the first degree by forcible compulsion through physical force does not, by the same conduct, necessarily commit the lesser offense of rape in the third degree in which the victim expressly communicated his or her non-consent (see Penal Law §§ 130.00 [8] [a]; 130.05[2] [d]; 130.25 [3]; 130.35 [1]). Consequently, rape in the third degree as charged in the SCI to which defendant pleaded guilty is not a lesser included offense of rape in the first degree as charged in the felony complaint (see People v Diego, 172 AD3d 1776, 1777 [3d Dept 2019]; People v Hulstrunk, 163 AD3d 1177, 1178 [3d Dept 2018]).
We further note that the Sexual Assault Reform Act (L 2000, ch 1), on which the parties and County Court relied in fashioning this plea agreement and stipulation of facts, does not demand a different result. The Act amended CPL 300.50 (6) to declare that, in the context of requests for jury instructions, rape in the third degree is not a lesser included offense of rape in the first degree, thereby omitting the impossibility analysis altogether (compare CPL 1.20 [37]; 220.20 [1]). Instead, third-degree rape may be submitted to a jury as a lesser included offense "when (i) there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater offense, and (ii) both parties consent to its submission" (CPL 300.50 [6]; see L 2000, ch 1, § 46; People v Bonich, 208 AD3d 679, 681 [2d Dept 2022], lv denied 39 NY3d 939 [2022]; People v Stanton, 200 AD3d 1307, 1309-1310 [3d Dept 2021], lv denied 38 NY3d 954 [2022]; People v Turner, 197 AD3d 997, 998 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]). However, the statute expressly applies to jury instructions and does not by its terms preclude [*4]a guilty plea to rape in the third degree where it is properly charged as a lesser included offense of rape in the first degree, nor does it permit entry of such a plea to an SCI where it is theoretically possible for the alleged conduct to render a defendant guilty of the greater crime but not the lesser (see CPL 1.20 [37]; 220.20 [1]; 300.50 [1], [2], [6]).[FN3]
Given that the SCI here did not contain either an offense charged in the underlying felony complaint or a lesser included offense thereof, the SCI upon which defendant's plea was based was jurisdictionally defective; thus, his guilty plea to rape in the third degree "must be vacated and the SCI dismissed and, if warranted, further proceedings on the felony complaint may be undertaken" (People v McCall, 194 AD3d at 1198). Furthermore, defendant's conviction was part of a global disposition whereby he also pleaded guilty to an additional charge of criminal contempt in the first degree in satisfaction of an indictment with the explicit promise of concurrent sentences, a promise that can no longer be kept and, thus, his plea in satisfaction of the indictment must also be vacated and the indictment reinstated (see People v Titus, 171 AD3d 1257, 1257-1258 [3d Dept 2019]; People v Price, 113 AD3d 883, 884-885 [3d Dept 2014]; see also People v Rowland, 8 NY3d 342, 345 [2007]; People v Pichardo, 1 NY3d 126, 129-130 [2003]). In light of this conclusion, we need not address defendant's remaining claims.
Garry, P.J., Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the judgments are reversed, on the law, superior court information dismissed and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Defendant's claims regarding the infringement of his constitutional right to be prosecuted only by indictment (NY Const, art I, § 6) and jurisdictional defects in the waiver of indictment and SCI need not be preserved and were not waived by his guilty plea or waiver of appeal (see People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Zanghi, 79 NY2d 815, 817 [1991]; People v Coss, 178 AD3d 25, 27 [3d Dept 2019]).

Footnote 2: We note in passing that the Legislature long ago amended the statutory definition of "forcible compulsion" to omit any reference to a victim's resistance (see Penal Law § 130.00 [former (8)]; L 1982, ch 560; People v Burgess, 107 AD2d 703, 704 [2d Dept 1985]). Thus, the People need not prove that a victim expressed nonconsent in a prosecution of first-degree rape premised on physical force.

Footnote 3: We are aware of no authority applying CPL 300.50 (6) to waivers of indictments and guilty pleas to SCIs.