People v McCall (2023 NY Slip Op 02719)

People v McCall

2023 NY Slip Op 02719

Decided on May 18, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 18, 2023

113516
[*1]The People of the State of New York, Respondent,
v
Jovon McCall, Appellant.

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ., concur.

Martin J. McGuinness, Saratoga Springs, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Ceresia, J.
(1) Appeal from a judgment of the Supreme Court (Richard J. McNally Jr., J.), rendered February 17, 2022 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree, and (2) motion to strike, among other things, certain documents filed by the People with their responsive brief.
In July 2021, defendant was charged, as relevant here, in a felony complaint with criminal possession of a weapon in the third degree and was held for grand jury action on that charge.[FN1] Pursuant to a plea agreement, defendant thereafter waived indictment and consented to be prosecuted by a superior court information (hereinafter SCI) charging him with attempted criminal possession of a weapon in the third degree pursuant to Penal Law §§ 110.00 and 265.02 (1). In full satisfaction of the SCI — as well as a pending charge of robbery in the first degree stemming from a 2018 incident (see People v McCall, 194 AD3d 1197, 1197-1198 [3d Dept 2021]) — defendant pleaded guilty to attempted criminal possession of a weapon in the third degree and waived his right to appeal. In accordance with the plea agreement, defendant was subsequently sentenced, as a second felony offender, to a prison term of 1½ to 3 years. Defendant appeals.
Initially, given the claims that defendant raises on appeal, which challenge the SCI as jurisdictionally defective and implicate the legality of the sentence imposed, we need not address defendant's contention that his waiver of the right to appeal is unenforceable because these claims may not be waived (see People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Hayes, 211 AD3d 1186, 1187 [3d Dept 2022]; People v Quinones, 162 AD3d 1402, 1402-1403 [3d Dept 2018]). Turning to defendant's jurisdictional challenge, he contends that the SCI is jurisdictionally defective because it did not "include an[] offense for which [he] was held for action of a grand jury" as required by the NY Constitution (CPL 195.20; see NY Const, art I, § 6).[FN2] "A defendant may waive indictment and plead guilty to an SCI that names a different offense from that charged in the felony complaint only when the crime named in the SCI is a lesser included offense of the original charge" (People v McCall, 194 AD3d at 1197 [internal quotation marks, brackets and citations omitted]; accord People v Diego, 172 AD3d 1776, 1777 [3d Dept 2019]; see People v Menchetti, 76 NY2d 473, 477 [1990]). "A lesser included offense is an offense of lesser grade or degree for which a showing is made that, in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense" (People v Odu, 211 AD3d 1340, 1342 [3d Dept 2022] [internal quotation marks and citation omitted]; see CPL 1.20 [37]; People v Seals, 135 AD3d 985, 986 [3d Dept 2016]).
Here, defendant pleaded guilty, as charged in the SCI, to attempted [*2]criminal possession of a weapon in the third degree under Penal Law §§ 110.00 and 265.02 (1), a different crime from criminal possession of a weapon in the third degree (see Penal Law § 265.02 [1]), which was the offense charged in the felony complaint and the crime for which defendant was held for action by a grand jury. However, because it is impossible to commit the crime of criminal possession of a weapon in the third degree without concomitantly committing, by the same conduct, the offense of attempted criminal possession of a weapon in the third degree, the latter is, with respect to the former, a lesser included offense (see CPL 1.20 [37]; see also People v Neischer, 210 AD3d 804, 804 [2d Dept 2022], lv denied 39 NY3d 987 [2022]; People v Cunningham, 86 AD3d 859, 860 [3d Dept 2011]; People v Henry, 52 AD3d 841, 843 [2d Dept 2008], lv denied 11 NY3d 789 [2008]; People v Popson, 262 AD2d 989, 989 [4th Dept 1999], lv denied 93 NY2d 1025 [1999]). As such, the SCI properly charged an offense for which he was held for grand jury action. Thus, the SCI contained no jurisdictional defect (see People v Menchetti, 76 NY2d at 478).
Next, defendant contends that he was not properly sentenced as a second felony offender. Contrary to the People's contention, defendant was not required to preserve such a claim where, as here, the purported illegality is plain "from the face of the appellate record" (People v Samms, 95 NY2d 52, 57 [2000]; see People v Berry, 152 AD3d at 1080, 1081 n [3d Dept 2017]). In that regard, we agree with defendant that the record reflects that his April 11, 2011 sentence on his predicate felony conviction was imposed more than 10 years before the commission of the instant offense, which occurred on July 6, 2021 (see Penal Law § 70.06 [1] [b] [iv]), and the People failed to meet their burden of showing that the 10-year look-back period was tolled by any periods of incarceration (see Penal Law § 70.06 [1] [b] [v]; CPL 400.21 [2]). At sentencing, defendant admitted to the prior offense, but the People's predicate felony statement did not set forth defendant's dates of incarceration (see Penal Law § 70.06 [1] [b] [v]). Since the record fails to disclose the legality of sentencing defendant as a second felony offender, the matter must be remitted for a hearing on this issue and resentencing (see People v Faulkner, 211 AD3d 1172, 1173 [3d Dept 2022]; People v VanHooser, 126 AD3d 1531, 1532-1533 [4th Dept 2015]). To the extent that the People attempt to demonstrate that defendant's incarceration adequately tolled the 10-year look-back period through submission of a criminal history report, that evidence was never submitted to Supreme Court, is not part of the record and, therefore, is not properly before this Court (cf. People v Faulkner, 211 AD3d at 1173 n). Accordingly, we grant defendant's motion to strike the confidential exhibit filed by the People as well as all references thereto within the People's brief.
Garry, P.J., Aarons, Pritzker [*3]and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.
ORDERED that the motion is granted.

Footnotes

Footnote 1: Defendant was also charged in three separate misdemeanor complaints with endangering the welfare of a child, menacing in the second degree and criminal obstruction of breathing or blood circulation.

Footnote 2: Defendant's jurisdictional challenge is not precluded by his guilty plea and is not subject to the preservation requirement (see People v Zanghi, 79 NY2d 815, 817 [1991]; People v Bryant, 207 AD3d 886, 887 [3d Dept 2022]; People v Coss, 178 AD3d 25, 27 [3d Dept 2019]).