People v Smith (2023 NY Slip Op 06563)

People v Smith

2023 NY Slip Op 06563

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

113189
[*1]The People of the State of New York, Respondent,
v
Dakota A. Smith, Appellant.

Calendar Date:November 15, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Stephen G. Cox, Utica, for appellant, and appellant pro se.
William G. Gabor, District Attorney, Wampsville (J. Sam Rodgers of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Madison County (Patrick J. O'Sullivan, J.), rendered January 6, 2021, convicting defendant upon his plea of guilty of the crimes of rape in the first degree and rape in the second degree.
In 2020, defendant was arrested and charged by felony complaint with predatory sexual assault against a child, rape in the first degree, rape in the second degree and criminal sexual act in the second degree. Defendant waived indictment prior to the presentation of the aforementioned charges to a grand jury and consented to be prosecuted by a superior court information (hereinafter SCI) charging him with rape in the first degree, rape in the second degree and criminal sexual act in the second degree. Defendant thereafter pleaded guilty to rape in the first degree and rape in the second degree and waived his right to appeal, in exchange for an agreed-upon sentence. Defendant did not appear at sentencing, despite having been explicitly warned that an enhanced sentence could be imposed upon such failure, and a bench warrant was issued. Upon defendant's return to court roughly two months later, County Court imposed enhanced consecutive sentences of 10 years in prison followed by 10 years of postrelease supervision on defendant's conviction of rape in the first degree, and four years in prison and 10 years of postrelease supervision on his conviction of rape in the second degree. Defendant appeals.
Defendant's primary contention is that the waiver of indictment and SCI were jurisdictionally defective (see generally People v Odu, 211 AD3d 1340, 1341 n 1 [3d Dept 2022]). CPL 195.10 provides, in relevant part, that "[a] defendant may waive indictment and consent to be prosecuted by [SCI] when . . . the defendant is not charged with a class A felony punishable by death or life imprisonment" (CPL 195.10 [1] [b]). To this end, the Court of Appeals has held that "when an accused is held for [g]rand [j]ury action upon a felony complaint that charges a class A felony, . . . a waiver of indictment with respect to that felony complaint is unauthorized" (People v Trueluck , 88 NY2d 546, 551 [1996]; accord People v Janelle, 146 AD3d 808, 809 [2d Dept 2017]). Here, defendant was held for grand jury action upon a felony complaint charging him with predatory sexual assault against a child, a class A-II felony that is punishable by an indeterminate sentence with a mandatory maximum term of life imprisonment (see Penal Law §§ 70.00 [2] [a]; 130.96). Defendant's waiver of indictment encompassed this charge and, thus, was expressly prohibited under CPL 195.10 and is invalid, "render[ing] the resulting procedure employed to procure defendant's guilty plea unauthorized" (People v Michalski, 206 AD3d 1443, 1443 [3d Dept 2022]; see People v Trueluck , 88 NY2d at 551; People v Janelle, 146 AD3d at 809; People v Marrow, 301 AD2d 673, 674 n 1 [3d Dept 2003]; People v Sledge, 90 AD2d 588, 589 [3d Dept 1982], lv denied 58 NY2d 977 [1983]). Accordingly[*2], defendant's waiver of indictment and plea must be vacated (see People v Odu, 211 AD3d at 1344-1345; People v McCall, 194 AD3d 1197, 1198 [3d Dept 2021]). Defendant's remaining contentions have been rendered academic in light of our decision.
Lynch, J.P., Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is reversed, on the law, superior court information dismissed, and matter remitted to the County Court of Madison County for further proceedings not inconsistent with this Court's decision.