People v Ryals (2024 NY Slip Op 00469)

People v Ryals

2024 NY Slip Op 00469

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

112352
[*1]The People of the State of New York, Respondent,
v
Jonathan Ryals, Appellant.

Calendar Date:January 5, 2024

Before:Clark, J.P., Aarons, Pritzker, Fisher and Mackey, JJ.

Adam W. Toraya, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered February 21, 2020, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
Defendant was indicted and charged with four counts of robbery in the second degree, two counts of conspiracy in the fourth degree and one count of petit larceny — all stemming from defendant's theft of certain cellphones. In full satisfaction of that indictment, defendant was offered the opportunity to plead guilty to one count of robbery in the second degree (Penal Law § 160.10 [2] [a]) with the understanding that he would be sentenced as a second felony offender to a prison term of 5½ years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the agreed-upon sentence. Defendant appeals.
Inasmuch as defendant's challenge to the voluntariness of his plea survives even a valid appeal waiver (see People v Miller, 221 AD3d 1177, 1178 [3d Dept 2023]; People v Guerrero, 194 AD3d 1258, 1260 [3d Dept 2021], lv denied 37 NY3d 992 [2021]), the validity of the waiver of appeal at issue here need not detain us (see People v West, 215 AD3d 1067, 1071 n 3 [3d Dept 2023]; People v Merritt, 210 AD3d 1209, 1209 [3d Dept 2022]; see generally People v McCall, 216 AD3d 1317, 1317 [3d Dept 2023]). That said, defendant's assertion that the resulting plea was not knowing, intelligent and voluntary is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion — despite having ample opportunity to do so prior to sentencing (see People v Dunbar, 218 AD3d 931, 932 [3d Dept 2023], lv denied 40 NY3d 950 [2023]; People v Barney, 215 AD3d 1137, 1139 [3d Dept 2023], lv denied 40 NY3d 927 [2023]). Further, upon reviewing the record, we are satisfied that the narrow exception to the preservation requirement was not triggered (see People v Lomack, 219 AD3d 1646, 1647-1648 [3d Dept 2023], lv denied 40 NY3d 1040 [2023]; People v White, 217 AD3d 1283, 1284 [3d Dept 2023]). Accordingly, the judgment of conviction is affirmed.
Clark, J.P., Aarons, Pritzker, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.