People v White (2024 NY Slip Op 04850)

People v White

2024 NY Slip Op 04850

Decided on October 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 3, 2024

CR-22-2222
[*1]The People of the State of New York, Respondent,
v
Ynnad White, Appellant.

Calendar Date:September 6, 2024

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered May 13, 2022 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Defendant was charged by felony complaint with six counts of predatory sexual assault against a child. The charges stemmed from incidents wherein defendant, a school bus monitor, sexually molested a seven-year-old child on multiple occasions during 2021. Defendant subsequently executed a waiver of indictment and agreed to be prosecuted pursuant to an amended superior court information (hereinafter SCI) charging him with one count of criminal sexual act in the first degree with the understanding that he would be sentenced, in full satisfaction of the SCI and other potential charges, to a prison term of 11 years, to be followed by 20 years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, Supreme Court imposed the contemplated term of imprisonment and this appeal ensued.
Although defendant challenges the validity of his waiver of the right to appeal and the severity of the sentence imposed, we must first address a threshold jurisdictional issue. CPL 195.10 provides, in relevant part, that a defendant may waive indictment and consent to be prosecuted pursuant to an SCI where "the defendant is not charged with a class A felony punishable by death or life imprisonment" (CPL 195.10 [1] [b]; see People v Smith, 222 AD3d 1187, 1187 [3d Dept 2023]; People v Michalski, 206 AD3d 1443, 1443-1444 [3d Dept 2022]). Predatory sexual assault against a child is a class A-II felony and "is punishable by an indeterminate sentence with a mandatory maximum term of life imprisonment" (People v Smith, 222 AD3d at 1188, citing Penal Law §§ 70.00 [2] [a]; 130.96). Hence, consistent with both CPL 195.10 and prevailing case law, a waiver of indictment "is not available where the defendant is charged with a class A felony" (People v D'Amico, 76 NY2d 877, 879 [1990]; see CPL 195.10 [1] [b]; People v Smith, 222 AD3d at 1188). Defendant's waiver of indictment was therefore "expressly prohibited under CPL 195.10 and . . . invalid, rendering the resulting procedure employed to procure defendant's guilty plea unauthorized" (People v Smith, 222 AD3d at 1188 [internal quotation marks, brackets and citation omitted]).[FN1] Accordingly, defendant's guilty plea must be vacated and the SCI dismissed (see id.; see generally People v Berry, 222 AD3d 1109, 1110 [3d Dept 2023]; People v Odu, 211 AD3d 1340, 1344 [3d Dept 2022]). In light of this conclusion, we need not address the issues raised by defendant.
Garry, P.J., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the judgment is reversed, on the law, superior court information dismissed and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: As the validity of a waiver of indictment is jurisdictional in nature, it may not be waived by a guilty plea or waiver of appeal and is not subject to the preservation rule (see People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Zanghi, 79 NY2d 815, 817 [1991]; People v Odu, 211 AD3d 1340, 1341 n 1 [3d Dept 2022]).