People v Faubert (2026 NY Slip Op 01563)

People v Faubert

2026 NY Slip Op 01563

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CR-24-1024
[*1]The People of the State of New York, Respondent,
vChantelle M. Faubert, Appellant.

Calendar Date:February 18, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Donnial K. Hinds, Albany, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

Reynolds Fitzgerald, J.P.
Appeal from a judgment of the County Court of Franklin County (Craig Carriero, J.), rendered November 6, 2023, convicting defendant upon her plea of guilty of the crime of assault in the first degree.
Defendant waived indictment and was charged in a superior court information (hereinafter SCI) with kidnapping in the first degree and assault in the first degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty to assault in the first degree and agreed to waive her right to appeal. County Court sentenced defendant in accordance with the plea agreement to a prison term of 14 years, to be followed by 2½ years of postrelease supervision. Defendant appeals.
Defendant correctly asserts, and the People concede, that the waiver of indictment and SCI are jurisdictionally defective. CPL 195.10 provides, in relevant part, that "[a] defendant may waive indictment and consent to be prosecuted by [SCI] when . . . the defendant is not charged with a class A felony punishable by death or life imprisonment" (CPL 195.10 [1] [b]; see People v White, 231 AD3d 1217, 1218 [3d Dept 2024]; People v Smith, 222 AD3d 1187, 1187 [3d Dept 2023]). Kidnapping in the first degree is a class A-1 felony (see Penal Law § 135.25) and is punishable by an indeterminate sentence with a mandatory maximum term of life imprisonment (see Penal Law § 70.00 [2] [a]). Pursuant to CPL 195.10 and established case law, defendant's waiver of indictment was expressly prohibited here as she was held for grand jury action on a felony complaint charging a class A felony punishable by a sentence of life imprisonment (see People v Trueluck, 88 NY2d 546, 551 [1996]; People v White, 231 AD3d at 1218; see also CPL 195.10 [1] [b]). As such, defendant's waiver of indictment is "invalid, rendering the resulting procedure employed to procure [her] guilty plea unauthorized" (People v White, 231 AD3d at 1218 [internal quotation marks and citations omitted]). Accordingly, defendant's plea must be vacated and the SCI dismissed (see id. at 1218-1219; People v Smith, 222 AD3d at 1188). Given our conclusion, defendant's remaining contentions are academic.
Ceresia, Fisher, Powers and Mackey, JJ., concur.
ORDERED that the judgment is reversed, on the law, superior court information dismissed, and matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision.